**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Asher A. Klein, Esq. (AK8181)
505 Fifth Avenue, 5th Floor
New York, New York 10017
Tel: (212) 226-4026
Fax: (212) 226-4027
ATTORNEYS FOR PLAINTIFF
Our File No. 140949

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SICOPA, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> CASTELLA IMPORTS, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, SICOPA, S.A. ("Sicopa" or "Plaintiff"), by and through its attorneys, QUINTAIROS, PRIETO, WOOD & BOYER, P.A., hereby alleges as and for their Complaint ("Complaint") against Defendant Castella Imports, Inc. ("Castella" or "Defendant" and, together with Plaintiff, collectively the "Parties") as follows:

## NATURE OF THE ACTION

1. This is an action seeking, *inter alia,* damages arising out of breach of various contractual and business obligations owed by Castella to Sicopa for the sale of certain food products manufactured by Sicopa and sold to Castella.

## PARTIES

2. Sicopa is a corporation, duly incorporated and operating under the laws of Morocco, with its principal place of business located in Fes, Morocco.

1

3. Upon information and belief, Castella is a corporation incorporated and operating under the laws of the State of New York, with its principal place of business located in Hauppauge, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §1332 in that complete diversity exists between the Parties and the amount in controversy exceeds the jurisdictional threshold of this court (exclusive of interest and costs).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (c)(2) because Castella's principal place of business is located in this District.

6. This Court has jurisdiction over Castella pursuant to New York Civil Practice Law and Rules (CPLR) §301.

## SUBSTANTIVE ALLEGATIONS

7. Sicopa is a company that produces, sells and exports Moroccan food products all over the world, and specializes in Moroccan olives, capers, peppers, tomatoes and other vegetables.

8. Upon information and belief, Castella is an importer and manufacturer of specialty foods in the United States.

9. Castella has been a direct purchaser of Sicopa's products for several years.

10. In 2018, Castella placed various orders with, and agreed to purchase from Sicopa, and Sicopa agreed to sell, large amounts of cured olives, pitted cured olives and zesty peppers whole (collectively, the "Products"), pursuant to contracts, memorialized in Castella's purchase orders and invoices as more fully set forth below.

OLIVE CONTRACTS

11. On or about June 1, 2018, Castella ordered from Sicopa a total of 1,000 cartons of cured olives and pitted cured olives and agreed with Sicopa that Castella would pay a total price of 40,850.00 EUR, which is $44,081.90 ("Contract 1").

12. On or about June 1, 2018, Sicopa issued to Castella Invoice S011806FACLI000404 for 40,850.00 EUR ("Invoice 1"), and delivered to Castella on or about July 10, 2018, the shipment of Products covered by Contract 1 in accordance with such contract.

13. Upon information and belief, Castella received the shipment of Products covered by Contract 1 and Invoice 1, without objection.

14. Full payment for Invoice 1 was due July 1, 2018.

15. Castella failed to make any payment towards Invoice 1 by said date, or at any time thereafter.

16. Separately, on or about June 13, 2018, Castella ordered from Sicopa a total of 728 cartons of cured olives and pitted cured olives and agreed with Sicopa that Castella would pay a total price of 29,600.00 EUR, which is $31,950.53 ("Contract 2").

17. On or about June 13, 2018, Sicopa issued to Castella Invoice S011806FACLI000434 for 29,600.00 EUR ("Invoice 2"), and delivered to Castella on or about July 24, 2018, the shipment of Products covered by Contract 2 in accordance with such contract.

18. Upon information and belief, Castella received the shipment of Products covered by Contract 2 and Invoice 2, without objection.

19. Full payment for Invoice 2 was due July 13, 2018.

20. Castella failed to make any payment towards Invoice 2 by said date, or at any time thereafter.

PEPPER CONTRACTS

21. On or about October 25, 2018, Castella ordered from Sicopa a total of 1,008 cartons of zesty peppers whole and agreed with Sicopa that Castella would pay a total price of $37,800.00 ("Contract 3").

22. On or about October 25, 2018, Sicopa issued to Castella Invoice S011810FACLI000805 for $37,800.00 ("Invoice 3"), and delivered to Castella on or about November 22, 2018, the shipment of Products covered by Contract 3 in accordance with such contract.

23. Upon information and belief, Castella received the shipment of Products covered by Contract 3 and Invoice 3, without objection.

24. Full payment for Invoice 3 was due December 25, 2018.

25. Castella failed to make any payment towards Invoice 3 by said date, or at any time thereafter.

26. On or about November 6, 2018, Castella ordered from Sicopa a total of 1,008 cartons of zesty peppers whole and agreed with Sicopa that Castella would pay a total price of $37,800.00 ("Contract 4").

27. On or about November 6, 2018, Sicopa issued to Castella Invoice S011811FACLI000831 for $37,800.00 ("Invoice 4"), and delivered to Castella on or about December 10, 2018, the shipment of Products covered by Contract 4 in accordance with such contract.

28. Upon information and belief, Castella received the shipment of Products covered by Contract 4 and Invoice 4, without objection.

29. Full payment for Invoice 4 was due January 6, 2019.

30. Castella failed to make any payment towards Invoice 4 by said date, or at any time thereafter.

## CAUSES OF ACTION

### COUNT I

Breach of Contract

31. Plaintiff incorporates by reference each and every preceding and succeeding paragraph of this Complaint.

32. The Parties entered into four separate agreements (collectively, "Contracts"), pursuant to which Plaintiff sold and delivered to Defendant the Products, Defendant received and accepted from Plaintiff all of the contracted Products, and Castella agreed to pay the prices reflected on the Invoices issued by Sicopa.

33. Sicopa fully performed all of its obligations under each of the Contracts.

34. In material breach of each and every one of the Contracts, Castella failed and neglected to pay any of the outstanding amounts due on the four Contracts for unpaid goods, to wit, $44,081.90 on Contract 1, $31,950.53 on Contract 2, $37,800.00 on Contract 3 and $37,800.00 on Contract 4.

35. By reason of the foregoing, Sicopa has been damaged in an amount to be determined at trial of this action but in no event less than $151,632.43, plus interest and costs, including reasonable attorney's fees.

### COUNT II

Unjust Enrichment

36. Plaintiff incorporates by reference each and every preceding and succeeding paragraph of this Complaint.

37. Defendant has been unjustly enriched at Plaintiff's expense and has received monies and value which equity requires it return.

38. By reason of the foregoing, Plaintiff has been damaged as a result of Defendant's actions, in an amount to be determined at trial, but in no event less than $151,632.43, plus interest and costs, including reasonable attorney's fees.

## COUNT III

### Goods Sold and Delivered

39. Plaintiff incorporates by reference each and every preceding and succeeding paragraph of this Complaint.

40. Defendant purchased from Plaintiff and Plaintiff sold and delivered to Defendant the Products at the agreed upon prices.

41. Defendant retained the Products without tendering due payment.

42. By reason of the foregoing, Plaintiff has been damaged as a result of Defendant's actions, in an amount to be determined at trial, but in no event less than $151,632.43, plus interest and costs, including reasonable attorney's fees.

## COUNT IV

### Accounts Stated

43. Plaintiff incorporates by reference each and every preceding and succeeding paragraph of this Complaint.

44. Plaintiff regularly communicated and delivered to Defendant statements of account for the Products, which showed Defendant the total balances due and owing to Plaintiff from Defendant, representing the entire unpaid balances due and owing for the Products.

45. Defendant was required to pay for the Products in full on or before the due dates called for by the Invoices.

46. Defendant received, retained and accepted the statements as correct, without any objection, and further confirmed its acceptance of the accounts by acknowledging and promising to pay the amounts stated.

47. By reason of the foregoing, Plaintiff has been damaged as a result of Defendant's actions, in an amount to be determined at trial, but in no event less than $151,632.43, plus interest and costs, including reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Damages to Sicopa in an amount to be determined at trial, but in no event less than $151,632.43;

b. Court costs;

c. Attorney's fees; and

d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues triable as of right by jury.

New York, New York
Dated: March 2, 2020

                QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
                *Attorneys for Plaintiff, SICOPA, S.A.*

                By: s/*Asher A. Klein*
                    Asher A. Klein, Esq. (AK8181)
                    505 Fifth Avenue, 5th Floor
                    New York, New York 10017
                    Tel: (212) 226-4026
                    asher.klein@qpwblaw.com
                    QPWB File: 140949

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SICOPA, S.A.

## DEFENDANTS
CASTELLA IMPORTS, INC.

**(b)** County of Residence of First Listed Plaintiff: **Foreign Country - Morocco**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **SUFFOLK**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Quintairos, Prieto, Wood & Boyer, P.A., by Ashley (Asher) A. Klein, Esq.
505 Fifth Avenue, 5th Floor, New York, NY 10017
(212) 226-4026

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract-unpaid invoices for food products, undue enrichment, goods sold and delivered, accounts stated

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 151,632.43
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 03/02/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Asher A. Klein, counsel for Plaintiff, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

None.

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☐ Yes   ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☑ Yes   ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| SICOPA, S.A. <br><br> *Plaintiff(s)* <br> v. <br> CASTELLA IMPORTS, INC. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* CASTELLA IMPORTS, INC.
60 Davids Drive
Hauppauge, NY 11788

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Quintairos, Prieto, Wood & Boyer, P.A.
505 Fifth Avenue, 5th Floor
New York, NY 10017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: __03/02/2020__       _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: